UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SUPERIOR CONTRACTING & RESTORATION, INC.,

Plaintiff,

**MEMORANDUM & ORDER**
05-CV-5440 (NGG) (JO)

-against-

UNITED STATES LIABILITY INSURANCE
COMPANY,

Defendant.
------------------------------------------------------------x

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Superior Contracting & Restoration ("Plaintiff" or "Superior Contracting") obtained general liability insurance from Defendant United States Liability Insurance Company ("Defendant" or "U.S. Liability Insurance") for masonry services it provided in 2003. Plaintiff filed suit seeking indemnification and defense for a claim arising from an injury sustained by Plaintiff's employee in the course of employment. Defendant now moves for summary judgment pursuant to Fed. R. Civ. P. 56 claiming that Plaintiff is not entitled to such coverage pursuant to the "employee exclusion" provision of the contract. For the reasons that follow, Defendant's motion is GRANTED.

**I.    Factual Background**

The following facts are undisputed. Plaintiff is a company engaged in the construction contracting and restoration business. (Pl. 56.1 Statement ¶ 3.) Plaintiff obtained general liability insurance coverage for its business operations from Defendant for the period from March 26, 2003 through March 25, 2004 under policy number CL 3062063 ("the policy"). (Id. ¶ 4.)

In June 2003, Plaintiff was performing masonry services at 318-26 West 39th Street ("the

premises"), a property allegedly owned and/or managed by Quadri-Planetary Associates, LLC ("Quadri") and Newmark & Company Real Estate ("Newmark"). (Id. ¶¶ 7, 11.) On or about June 3, 2003, Mieczslaw Kondratowicz ("Kondratowicz"), Plaintiff's employee, was seriously injured while performing work at the premises. (Id. ¶ 8.) Kondratowicz thereafter filed for coverage under Plaintiff's Workmen's Compensation policy, and he commenced a civil action for damages against Quadri and Newmark. (Id. ¶¶ 10-11.) In or around November 2003, Quadri pursued Plaintiff for indemnification for the claims brought by Kondratowicz, and in or around December 2004, Newmark pursued Plaintiff for indemnification for the claims brought by Kondratowicz. (Id. ¶¶ 12-13.) Plaintiff thereafter sought insurance coverage from Defendant against any and all claims brought by Kondratowicz, Quadri, and Newmark, alleging that the policy covered such claims. (Id. ¶ 14.)

Defendant now moves for summary judgment, claiming that the terms of the policy explicitly exclude coverage for indemnification for any injuries occurring to Plaintiff's employees in the course of business.

## II. LEGAL ANALYSIS

### A. Summary Judgment Standard

Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law," Fed. R. Civ. P. 56(c), i.e., "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 69 (2d Cir. 2001) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "A fact is 'material' for these purposes if it might affect the outcome of the suit under the governing law.

An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Holtz, 258 F.3d at 69 (internal quotations and citations omitted).

The moving party bears the burden of establishing the absence of a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). If the moving party has met this burden, then the non-moving party has the burden of "set[ting] forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "The nonmovant cannot escape summary judgment merely by vaguely asserting the existence of some unspecified disputed material facts, or defeat the motion thrugh mere speculation or conjecture." W. World Ins. Co. v. Stack Oil, Inc., 922 F.2d 118, 121 (2d Cir. 1990) (internal quotations and citations omitted); see also Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998). Rather, the nonmovant can create a genuine issue of material fact only by citing competent, admissible evidence. Glasso v. Eisman, Zucker, Klein & Ruttenberg, 310 F. Supp. 2d 569, 574 (S.D.N.Y. 2004) (citing Sarno v. Douglas Elliman-Gibbons & Ives, 183 F.3d 155, 160 (2d Cir. 1999)).

**B. Analysis**

Defendant contends that the agreement between Defendant and Plaintiff specifically provides that Defendant shall not provide indemnity or defense to Plaintiff for any injury sustained to Plaintiff's employee during the course of employment. (Memorandum of Law in Support of Defendant's Motion for Summary Judgement ("Def. Mem.") at 2-4.) Plaintiff counters that because Kondratowicz has not advanced a claim directly for compensation against Plaintiff, the employee exclusion provision in the contract is not applicable. Plaintiff further claims that the exclusion policy as it pertains to indemnification and defense is at best ambiguous, that it "does not address claims by third parties for contribution and common law

indemnification," and that it should therefore be read in favor of Plaintiff. (Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment ("Pl. Mem") at Point I(B).[1])

Under New York law, a court must give unambiguous provisions of insurance contracts their plain and ordinary meaning. Sanabria v. American Home Assurance Co., 68 N.Y.2d 866 (N.Y. 1986); see also State v. Capital Mutual Ins. Co., 213 A.D.2d 888 (3rd Dept. 1995). Exclusionary clauses in insurance contracts are subject to the same rule, and a "court is not permitted to construe [such] a clause in a way that drains it of its only intended meaning." Commissioners of the State Ins. Fund v. Ins. Co. of North America, 80 N.Y.2d 992, 994 (N.Y. 1992); see also Levy v. Nat'l Union Fire Ins. Co. of Pittsburgh, 710 F. Supp. 474, 476 (S.D.N.Y. 1989).

When an insurer seeks to invoke an exclusionary clause in order to disclaim coverage, it has the burden of demonstrating that the exclusion applies "in clear and unmistakable language," which is "subject to no other reasonable interpretation." Mount Vernon Fire Ins. Co., 797 F. Supp. 176 at 180 (E.D.N.Y. 1992) (quoting Seaboard Surety Co. v. Gillette, 64 N.Y.2d 304, 311 (N.Y. 1984)). In other words, U.S. Liability Insurance must show that the allegations contained in Superior Contracting's Complaint fall "solely and entirely" within an unambiguous exclusion from the policy's coverage. See Avondale Ins. Inc. v. Travelers Indem. Co., 887 F.2d 1200, 1204 (2d Cir. 1989); see also State of New York v. AMRO Realty Corp., 936 F.2d 1420, 1426 (2d Cir. 1991).

In this case, the exclusion at issue is entitled, "Exclusion of Injury to Employees,

---

[1] Plaintiff failed to paginate its memorandum of law, and therefore the court will cite to it by point heading rather than by page number.

Contractors and Employees of Contractors," and it excludes from coverage, *inter alia*, "[a]ny obligation of any insured to indemnify or contribute with another because of damages arising out of . . . bodily injury" to any employee in the course of employment by the insured. (Michael A. Miranda Aff. Ex. A at 4.) The court finds this provision to unambiguously exclude from coverage any claim for indemnification or contribution with another for injury to an employee during the course of employment with Plaintiff. It is undisputed that this is "solely and entirely" the type of coverage Plaintiff now seeks, since Kondratowicz was injured as an employee during the course of his employment, and since Quandri and Newmark seek indemnification and/or contribution from Plaintiff for damages arising from that injury. See Avondale Ins. Inc. v. Travelers Indem. Co., 887 F.2d at 1204. Therefore, the employee exclusion precludes recovery on Plaintiff's claim, and Defendant's motion for summary is judgment is granted.

### III. CONCLUSION

For the reasons set forth above, Defendant's motion for summary judgment is GRANTED. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: January _16_, 2008
Brooklyn, N.Y.

/signed/
NICHOLAS G. GARAUFIS
United States District Judge